## Owens v. Commonwealth.

(Decided September 24, 1918.)

## Appeal from Jefferson Circuit Court (Criminal Division).

1. Conspiracy—Criminal Conspiracy.—Parties may be indicted and prosecuted for entering into a conspiracy to extort money from another person, or to injure his character.

2. Criminal Law—Appeal and Error—Harmless Error.—Where the trial court sustained an objection to evidence but failed to admonish the jury not to consider it, the error under the facts was not prejudicial.

3. Criminal Law—Evidence—Conspiracy—Declarations of Co-conspirators.—It is not reversible error to permit declarations of one of the conspirators to go to the jury for the purpose of establishing the guilt of the other before the existence of the conspiracy has been shown if it is later established, although the better practice is not to admit declarations until the conspiracy has been proven.

4. Conspiracy—Criminal Conspiracy—Evidence of.—A conspiracy may be shown by facts and circumstances, each of which taken by itself would be insufficient, but when considered as a whole are sufficient to show it.

5. Criminal Law—Appeal and Error—Instructions—Failure to Object to in Motion For New Trial—Effect of.—An error committed by the trial court in giving instructions or in failing to give instructions will not be available on appeal unless the error is relied upon in the motion and grounds for a new trial.

6. Criminal Law—Appeal and Error—Alleged Errors Must Be Pointed Out in Motion For New Trial.—Errors of the trial court in orally instructing the jury as to the effect of evidence, or in failing to admonish the jury when the court adjourned are not available on appeal unless they are relied on in the motion and grounds for a new trial.

JAMES P. GREGORY and CLIFFORD & STEINFELD for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The grand jury of Jefferson county returned an indictment against the appellant, Sam C. Owens, and one Joseph Biller charging them with the offense of criminal conspiracy committed by combining and conspiring together and with other persons unknown to the grand jury for the purpose of fraudulently and unlawfully extorting from W. E. Chess money, and for the purpose of injuring his character and reputation by falsely charg-

ing him with the commission of the crime of having carnal intercourse with a young girl by the name of Barbara Miller. The indictment set out at length the details of the conspiracy and its purpose, but the substance of it was as we have stated.

Biller was not brought before the court on the indictment but Owens, when put upon his trial, was found guilty by the jury and his punishment fixed at a fine of $100 and imprisonment in the county jail for one year.

On this appeal by Owens it is insisted that the judgment on the verdict should be reversed and a new trial ordered on account of error committed by the trial court (1) in the admission and exclusion of evidence; (2) because there was no evidence to support the charge of conspiracy; (3) for errors committed in giving instructions; (4) for the failure of the trial court to admonish the jury at each adjournment of the court during the trial; (5) on account of a prejudicial admonition given by the court to the jury in relation to certain evidence introduced on the trial.

Taking up these general assignments of error in the order named and confining ourselves to those pointed out in the brief of counsel for appellant, we find that on the trial of the case Chess, the prosecuting witness, said, in the course of his testimony, that some threats which were made against him by Owens with a view of extorting money from him were communicated to him by Joe Hofgesang, and to his evidence relating what Hofgesang said an objection was made and sustained by the court. If this offered evidence was incompetent we think the error was cured by the action of the court in sustaining an objection to it. It is said, however, that the court should, in addition to sustaining the objection, have admonished the jury not to consider the evidence, and this would have been the proper practice, but it does not appear that any motion was made by counsel for Owens to exclude from the consideration of the jury the very brief reference to what Hofgesang said and we do not think the error, if any, committed by the court in failing to admonish the jury as indicated, prejudiced the substantial rights of Owens, or was so material as to justify a reversal of the judgment upon the ground relied on.

Another assigned error is that the court improperly permitted Chess to relate a statement made to him by Biller, the person who, it was charged in the indictment,

had conspired with Owens, and it is said that evidence of
the declaration of Biller was incompetent because there
was a failure to show any conspiracy between Biller and
Owens. It may be admitted that if the Commonwealth
failed to establish the conspiracy between Biller and
Owens, statements made by Biller as to what he and
Owens intended to do to Chess would be incompetent
against Owens, but the mere fact that at the time this
evidence was introduced the conspiracy afterwards es-
tablished by the Commonwealth had not been made out
would not make the evidence incompetent, although per-
haps it was premature. It is, however, not unusual in
conspiracy cases to permit declarations of one of the
conspirators to go to the jury for the purpose of estab-
lishing the guilt of the other conspirators before the
existence of the conspiracy has been shown by competent
evidence when it is made to appear to the court that the
conspiracy will be shown later in the evidence, and in
fact it is shown, as it was in this case, although it is
better practice not to admit such declarations until the
conspiracy has been proven.

Another alleged error consists in the admission of
certain statements made by R. J. Hagan in respect to
what Biller said to him and to what Owens testified to in
a deposition given by him. The complaint urged against
the admissibility of the statements made by Biller to
Hagan is rested on the ground that there was no conspir-
acy shown to exist between Biller and Owens, but we
think there was. The objection to the evidence of Hagan
as it related to the testimony of Owens in another suit
was clearly competent, as Hagan was present and heard
Owens give the testimony repeated by him. A person
who is present in court or when depositions are taken
may testify as to what he heard the witness say, although
if the evidence has been taken down and a certified copy
of it preserved the written evidence would be preferable
to the oral declaration. It is, however, apparent in this
case that if the evidence of Owens related by Hagan was
in the form of an accessible deposition and the evidence
of Hagan was not correct it could have been contradicted
by the deposition, or the deposition itself could have been
introduced as evidence in behalf of Owens. We do not
find, however, any contention that the statements alleged
to have been made by Owens in the presence of Hagan
were not correctly related by Hagan, and it is plain that

no error prejudicial to the substantial rights of Owens was committed in respect to the admission of the evidence of Hagan.

It is next earnestly insisted that there was no evidence showing a conspiracy between Owens and Biller to extort money by blackmailing methods from Chess. It would serve no useful purpose to set out in this opinion the many facts and circumstances that conclusively show that a conspiracy did exist between Biller and Owens for the purpose of extorting money by blackmailing methods from Chess. We have read this record carefully and there is no room for a reasonable doubt on the subject. It is too well settled to need more than a mere citation of authority that a conspiracy may be shown by facts and circumstances, each of which considered by itself would be insufficient, but when taken as a whole are sufficient to show it. Gambrell v. Commonwealth, 130 Ky. 519; Daniels v. Commonwealth, 154 Ky. 601; Gabbard v. Commonwealth, 159 Ky. 624.

The instructions are also complained of, but we think they submitted fairly to the jury the law applicable to the case. But aside from this it does not appear from the record that the instructions given or the failure to give other instructions was mentioned or relied on in the motion and grounds for a new trial, and this being so, even if error was committed by the trial court in giving improper or failing to give proper instructions, the error would not be available on appeal. Thompson v. Commonwealth, 122 Ky. 501; Cheek v. Commonwealth, 162 Ky. 56; Polk v. Commonwealth, 169 Ky. 613.

The alleged errors committed by the trial court in failing to admonish the jury when the court adjourned during the trial and in orally instructing the jury at the conclusion of the trial as to the effect of the evidence of certain witnesses, were not pointed out in the motion and grounds for a new trial, and are therefore not available as error here; but in this connection it may not be out of place to observe that what the court did or failed to do in these respects did not in any manner prejudice the rights of Owens.

Upon the whole case we are satisfied that Owens had a fair trial and that there was ample evidence to sustain the verdict of the jury.

Wherefore the judgment is affirmed.