## Howard v. Commonwealth.

(Decided June 17, 1927.)

### Appeal from Harlan Circuit Court.

1. Criminal Law.—Statement by commonwealth's attorney in his closing argument to jury that under the evidence court would have been justified in giving instruction on conspiracy charge in indictment, though improper because such charge had been eliminated by court's instructions, held not reversible error, where court subsequently, on defendant's objection, directed jury to be governed by instructions given.

2. Conspiracy.—Conspiracy may be proved by circumstantial evidence.

3.  Conspiracy.—Conspiracy cannot be established by mere suspicion, nor does evidence of mere relationship between the parties or association show a conspiracy.

4.  Homicide.—In prosecution for murder, evidence held not to authorize submission to jury of issue of conspiracy between accused and codefendant, as charged in indictment, and court properly refused to do so.

5.  Criminal Law.—In murder prosecution, statements made by accused's codefendant in accused's absence before the homicide, tending remotely to prove motive for the killing on part of accused, held inadmissible as hearsay, in absence of conspiracy between accused and codefendant.

6.  Criminal Law.—In murder prosecution, admission in evidence of incompetent statements by accused's codefendant in accused's absence, tending to show motive for killing on part of accused, held prejudicial error, where evidence would have justified jury in finding either for or against accused on his only defense, which was that he acted in self-defense.

J. S. FORESTER for appellant.

F. E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Pal Howard, and one Myrtle Carter (who was the divorced wife of the deceased, but still living with him) were jointly indicted and charged with willfully murdering Ike Carter, the homicide occurring about 7:30 p. m. on August 13, 1925. The first count of the indictment charged defendants therein with jointly committing the crime, and a second count charged a conspiracy between them to commit it, and in pursuance thereto it was committed by appellant and defendant Howard. Upon the latter's separate trial he was convicted of voluntary manslaughter and punished by confinement in the penitentiary for 21 years. His motion for a new trial was overruled, and from the judgment pronounced on the verdict he prosecutes this appeal.

It is urged by his counsel as grounds for reversal: (1) That the court erred in the admission of incompetent testimony introduced by the commonwealth; (2) failure of the court to admonish the jury as to the purpose of certain evidence, and (3) improper remarks of counsel for the commonwealth in his closing argument to the jury.

We have given the record careful consideration and have reached the conclusion that neither ground (2) nor (3) is available for a reversal of the judgment. Indeed we discover from the record that the court before concluding the case expressly admonished the jury that the testimony of each rebuttal witness for the commonwealth that contradicted the testimony of appellant's co-defendant, who was introduced as a witness on his behalf, should be considered by it for the purpose of contradicting her if it did do so and for no other purpose. The other complaints under this ground are wholly unsubstantial, and, we repeat, there is no merit in ground (3).

Ground (3) was bottomed upon the fact that the commonwealth's attorney in his closing argument to the jury said:

"I will say this, that the court under the evidence in this case would have been perfectly justified in giving the jury an instruction on the charge of conspiracy, as charged in the indictment."

The court had failed to instruct under the conspiracy charge in the second count of the indictment, presumptively upon the ground that the evidence did not sustain that charge, and it is complained under this ground that the above statement of the commonwealth's attorney was not only erroneous but highly prejudicial. In the first place the court upon the objection being made said to the jury, "The jury will be governed by the instructions given," which, to say the least of it, informed the jury that in reaching a verdict they should not consider the remark of counsel but be guided only by the instructions given by the court and which, as we have said, eliminated the conspiracy charge. Whether, if the court had said nothing to the jury, or had expressly overruled the objections to the remarks of counsel, it would authorize a reversal, is not presented and not determined. It was no doubt improper for counsel to make the remark in view of the fact that the conspiracy charged was eliminated by the court in its instructions, but in view of the court's remark we do not feel authorized to reverse the judgment upon this ground which leaves for consideration only ground (1) in the motion for a new trial.

The incompetent evidence complained of under ground (1) concerned certain statements made by appellant's codefendant before the homicide and in his ab-

sence, tending remotely to prove a motive for the killing on the part of appellant's codefendant, Mrs. Carter, and which were admitted by the court in proof of the conspiracy charge, but which were incompetent and inadmissible if no such charge was established, or if the evidence was insufficient to submit that issue to the jury; and the first question for determination is whether the court properly determined that the evidence was insufficient to authorize a finding of the existence of the alleged conspiracy.

We are aware of the rule that a conspiracy may be proven by circumstantial evidence, and that on account of the secretiveness of the alleged conspirators it is frequently the case that the conspiracy cannot be proven except by convincing circumstances. We have said in prior opinions that the circumstances necessary to prove a conspiracy consist of "welding into one chain of a number of links, each in itself inconclusive and insufficient to prove a conspiracy, but, when connected and examined as a whole, sufficient to show it." Anderson v. Commonwealth, 196 Ky. 30, 244 S. W. 315; Owens v. Commonwealth, 181 Ky. 378, 205 S. W. 398, and Pace v. Commonwealth, 170 Ky. 560, 568, 186 S. W. 142. Other cases are referred to in those opinions, and the rule of procedure so announced is thoroughly established. The evidence in this case shows an intimate, illegal relationship existing between the two defendants in the indictment, and which had continued for from two to four years prior to the homicide. About the first of the year in which deceased was killed, Myrtle Carter applied for and obtained an insurance policy on the life of deceased for the sum of $5,000, and in which she was named as beneficiary. She first sought a policy for $10,000, but, for some cause not made clear by the record, it was reduced to $5,000. There is some testimony to indicate that she tried to keep the knowledge of the issuing of that policy from the deceased whose life was insured, but, if true, she did not do so, since he signed by his mark the application for the policy and knew of its contemplation and of its existence after it was issued. All of the testimony with reference to that policy was introduced by the commonwealth as substantive proof in the cause, upon the theory that it furnished a motive for the beneficiary therein to produce or cause to be produced the death of the insured. It was also proven by the commonwealth, and which is objected to under this ground, that Mrs. Carter made certain other

statements in the absence of appellant tending to show her feelings toward deceased and her greater affections for appellant, and that she said that "something might happen to Ike" (the deceased). The latter remark was made in connection with and during the negotiations for the insurance. The testimony just referred to, plus the relationship between appellant and his codefendant, was all the proof in the cause to establish the alleged conspiracy.

With full appreciation of the rule, supra, it was nevertheless held by us in the Anderson and Pace cases, supra, and that of Lockard v. Commonwealth, 193 Ky. 619, 237 S. W. 26, in accordance with the text in 12 C. J. 638, that "conspiracies cannot be established by a mere suspicion, nor does evidence of mere relationship between the parties or association show a conspiracy." It is not necessary to repeat the facts of the cases referred to, since they may be ascertained by reading those opinions. Suffice it to say that in each of them the testimony was as strong in support of the conspiracy as it is in this case, and we think it was stronger in the Pace opinion than this record discloses, and in each of them we held that it was insufficient to establish the conspiracy, even under the latitudinous rule, supra. We therefore conclude that the court correctly held that the evidence in this case did not authorize a submission of the conspiracy issue to the jury, and properly declined to submit it.

That being true, the complained of testimony as substantive proof against defendant on trial was incompetent, since the only ground upon which it could be admitted was the fact that a conspiracy existed between the person whose statements, acts, and conduct were so proven, and the defendant on trial and for which the latter would be responsible as a coconspirator. If there was no proven conspiracy, then such statements, acts, and conduct of the alleged coconspirator occurring and made as they were in the absence of defendant on trial, would be pure hearsay and clearly erroneous, and which we hold was true in this case as to the evidence complained of under this ground.

The next question is: Was it sufficiently prejudicial as to authorize a reversal of the judgment? In determining this question we deem it not improper to say that the testimony in the record, excluding that complained of under this ground, was sufficient to support the verdict of guilty against appellant. His only defense was that

he acted in self-defense at the time he shot deceased on meeting him in the road. His description of that meeting and of the conduct of deceased, which he claims created his right to act in his necessary self-defense, is somewhat hazy as well as unusual and out of the ordinary. A motive was proven for the homicide, as well as some prior statements made by defendant of a more or less guilty nature, and, without repeating the testimony in this opinion, we will content ourselves with saying that under the facts and circumstances disclosed the jury were authorized to discard the self-defense theory and convict defendant of whatever degree of the offense charged and submitted it saw proper. But, excluding the testimony complained of, and notwithstanding such conclusion by us, the jury was also authorized under the testimony as appearing of record, to believe the self-defense story, doubtful as it was, and to acquit defendant upon that ground; or it might have concluded from the testimony that the homicide was not justifiable and that defendant should receive some punishment to be graded by the motive and incentive that prompted him in the commission of the crime. The complained of testimony furnished grounds to inspire the belief in the minds of the jurors that defendant desired to make away with the deceased for the possible double purpose of appropriating to himself the society and unmolested companionship of Myrtle Carter and also to share with her the proceeds of the insurance. After a careful reading of the record, and with some hesitancy, we have reached the conclusion that we cannot say as a matter of law that the incompetent testimony complained of under this ground was not prejudicial.

Wherefore the judgment is reversed, with directions to grant the new trial, and for proceedings consistent herewith.