## Cook et al. v. Commonwealth.

(Decided October 27, 1931.)

A. J. MAY for appellants.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Albert Cook and Miles Bates, Jr., together with five other persons, were indicted for the murder of Will Thornbury. The indictment charged a conspiracy among the defendants to commit the murder. Cook and Bates were granted a separate trial, and both were found guilty. Cook was sentenced to the penitentiary for life, and Bates for a term of twenty-one years. They have prosecuted an appeal from the judgment of conviction, assigning as error certain rulings of the trial court in instructing and admonishing the jury.

Will Thornbury and A. J. Thornbury were killed upon the same occasion. Cook was first convicted for the killing of A. J. Thornbury, and prosecuted an appeal to this court. The judgment was affirmed. Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269. A complete statement of the facts may be found in the opinion disposing of that appeal, and repetition is unnecessary. Indeed, with a single exception, the questions raised in the present case were ruled adversely to the appellant Cook, on his former appeal. When he was on trial for the killing of A. J. Thornbury, the appellant Cook testified that he was not present, knew nothing of the killing, and endeavored to establish an alibi. On the trial for the murder of Will Thornbury, now under review, he faced about and testified that he shot both the Thornburys, but was compelled to do so in defense of himself and companions. He endeavored to establish his new defense by some of the same witnesses he had used on the previous trial to prove his alleged alibi. At the last trial, it appeared without contradiction that Albert Cook, Miles Bates, Jr., Joe Martin, Ray King, and Seymour Slone, owned and operated a large still in Knott county near the homes of Bates and Martin. A. J. Thornbury, a magistrate, and Will Thornbury, a constable, had located the still, and were endeavoring to ascertain the identity of the owners thereof. They were preparing to make a raid on the still site during the night of Thursday, November 22, 1928, and had arranged with some deputy sheriffs to meet them to assist in the raid. The dead bodies of the two Thornburys were discovered on the following day in the immediate vicinity of the still.

On the former trial, the defense being an alibi, it was held that Cook was not entitled to an instruction on self-defense. The defense in this case, however, as above stated, was rested solely upon the ground of self-defense.

The instructions were in proper form covering murder, manslaughter, self-defense, and reasonable doubt. The first criticism is that the instructions defining murder and manslaughter failed to employ the phrase "not in his necessary self-defense." The rule is that when murder and manslaughter are correctly defined, and a proper instruction on self-defense is given, together with the appropriate instruction on reasonable doubt, the instructions as a whole are adequate, and the fact that self-defense was not negatived in the instructions defining murder and manslaughter is not material. Catron v. Com., 140 Ky. 61, 130 S. W. 951; Hoskins v. Com., 152 Ky. 805, 154 S. W. 919; Miller v. Com., 163 Ky. 246, 173 S. W. 761; Holcomb v. Com., 207 Ky. 372, 269 S. W. 349; Conley v. Com., 208 Ky. 538, 271 S. W. 566; Green v. Com., 223 Ky. 826, 4 S. W. (2d) 1109; Lee v. Com., 216 Ky. 698, 288 S. W. 688.

It is next complained that in the instructions covering the conspiracy charge in the indictment the names of Seymour Slone and Seland Cook, which were included in the indictment, were omitted. The record disclosed no evidence tending to prove that either Seland Cook or Seymour Slone was engaged in the conspiracy, and, for that reason, the court properly omitted their names from the instruction. It was held on the other appeal by Cook that the evidence did not indicate that Seymour Slone was an accomplice. It is fundamental that the instructions must be based on the indictment and the evidence, and, if persons named as conspirators in the indictment were not shown by any evidence to have been engaged in the enterprise, obviously their names should be omitted from the instruction. Ratliff v. Com., 182 Ky. 246, 206 S. W. 497.

Another complaint is that the admonitions given by the trial court as to the competency of certain declarations of alleged coconspirators were erroneous. Similar admonitions were given on the previous trial of Cook, and were held to be proper. Indeed, there can be no doubt of the propriety of such admonitions to the jury in a proper case. The declarations of coconspirators are competent against the others, only in the event the conspiracy is found to exist, and evidence to establish that fact must necessarily take a wide range. The only practical way to handle such a situation is to admit the evidence with an admonition that its competency depends upon the finding of the ultimate fact that the conspiracy

existed. If it should be found not to exist, then such evidence must be disregarded. The practice adopted in this case has been sanctioned by this court. Owens v. Com., 181 Ky. 378, 205 S. W. 398; Welch v. Com., 189 Ky. 579, 225 S. W. 470; Crenshaw v. Com., 227 Ky. 223, 12 S. W. (2d) 336; Neace v. Com., 165 Ky. 739, 178 S. W. 1062.

We attach no importance to the typographical error in one of the admonitions from which the word "not" was omitted in the transcript. The admonition in substantially the same form was repeated many times, and the jury could not have misunderstood it, even if the court had made the slip in giving it once during the trial. In any event, the purport of the admonition to which the criticism is addressed is clear, and made plain to the jury the conditions under which the testimony could be considered. The evidence as a whole tended to prove the existence of a conspiracy, and the court was correct in admitting the declarations of the alleged coconspirators provided the jury found as a fact that a conspiracy was formed and existed at the time. If the jury did not find a conspiracy to exist, the testimony was not to be considered for any purpose. The whole matter, however, became immaterial in view of the defense interposed. The killing was confessed, and the appellants claimed it was necessary to kill the two Thornburys to save themselves from death or great bodily harm. In view of the situation presented, the rulings respecting previous declarations faded into relative insignificance.

The judgment is affirmed.