## Veteto v. Commonwealth.

(Decided May 17, 1932.)

HEAVRIN & MARTIN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Otha Barton and Oscar Veteto were jointly indicted for the murder of Cecil Woollen. On a separate trial Veteto was convicted of manslaughter, and his punishment fixed at imprisonment for eight years. He appeals.

The homicide occurred on Saturday evening, June 28, 1930, at a church near Olaton, in Ohio county, where services were being conducted. The evidence disclosed that, at the suggestion of one or the other, Barton and Woollen left the church and went down the road a short distance where they engaged in a fight. During the fight Barton struck Woollen with a pistol, inflicting injuries from which he subsequently died, and Barton and Veteto both say that Veteto took no part in the difficulty, and the only evidence connecting Veteto with the crime is the statement of Woollen that both hit him, the statement of Barton made in the presence of Woollen some time after the difficulty that they both hit him, and certain alleged threats made by Veteto prior to the difficulty.

The first ground urged for reversal is that the court erred in permitting threats made by Barton in the absence of Veteto to go to the jury. The point is well taken. The indictment did not charge a conspiracy, and none was proved. In the circumstances the statements made by Barton when Veteto was not present were not admissible against the latter. Mills v. Commonwealth, 241 Ky. 218, 43 S. W. (2d) 670. It is true that there was some evidence of threats made by Veteto, but they were rather vague in character, and, it being very doubtful whether Veteto took any part in the crime, we are constrained to hold that the admission of the threats by Barton was prejudicial error.

Over the objection of appellant, Dan Clouse testified that shortly after the difficulty, and while Barton and Veteto were standing some 20 feet away, and appar-

ently listening, Woollen, the deceased, said, "They both hit him," and Randall Lambert testified that the deceased said "Oscar Veteto and Otha Barton beat him up." On the last appeal by Barton, who was tried separately, we held that, as the statements were made in his presence and hearing, and under such circumstances that he was called upon to deny or explain them, and had a fair opportunity to do so, they were admissible as admissions by silence. Barton v. Commonwealth, 240 Ky. 786, 43 S. W. (2d) 55. As Barton admitted participation in the difficulty, he would naturally understand that the statement that they both hit him referred to him, but with respect to Veteto the situation is different. Unless the statement was addressed to him, or accompanied by a gesture or motion of some kind indicating that he was included in the word "both," we are not inclined to the view that, even if he heard the statement, the situation was such as to call for a response. However, Lambert's statement that the deceased said "Oscar Veteto and Otha Barton beat him up" stands upon a different footing, and we cannot say that the court erred in permitting the latter statement to go to the jury. Since, besides the alleged statements, there is but little evidence connecting appellant with the crime, the court on another trial will be careful to see that the situation was such that the statements alleged to have been made by the deceased were actually heard by appellant, and were made under such circumstances that he was called upon to deny or explain them, and had a fair opportunity to do so.

In view of the conclusion of the court, we refrain from deciding whether the verdict was flagrantly against the evidence.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.