STANLEY P. CLAY, Appellant, v. MISSOURI STATE HIGHWAY COMMISSION, Respondent, No. 42069—239 S. W. (2d) 505.

Division Two, May 14, 1951.

*Stanley P. Clay* for appellant.

*Wilkie Cunnyngham* and *McReynolds, Flanigan & Flanigan* for respondent.

BOHLING, C.—This is an action between Stanley P. Clay and the Missouri State Highway Commission to ascertain and determine the fee-simple title to the North 550 feet of the S. E. 1/4 of the N. E. 1/4 of Sec. 10, Twp. 28, R. 32, except the Missouri Pacific Railroad Company's right of way thereover, in Jasper County, Missouri. The trial was to the court without a jury. Judgment was for the Highway Commission, defendant, and plaintiff appealed.

J. G. L. Carter was the common source of title. He owned said S. E. 1/4 of the N. E. 1/4. On December 10, 1895, he, for a consideration of $5, conveyed a strip 55 feet in width to the Jasper County Electric Railroad Company, which strip was adjacent to and parallel with the south line of an existing east and west right of way of the Missouri Pacific Railroad Company across said 550 feet.

On August 1, 1906, the Southwest Missouri Railroad Company was incorporated under the railroad corporation laws of Missouri.

On August 23, 1906, the Southwest Missouri Railroad Company acquired the aforesaid 55 foot right of way from the Jasper County Electric Railroad Company.

On January 29, 1912, J. G. L. Carter conveyed the North 550 feet of said S. E. 1/4 of the N. E. 1/4, "except the rights of way now owned by the party of the second part herein and the Missouri Pacific Railway Company" to the Southwest Missouri Railroad Company by warranty deed for a cash consideration of $1,708.50. A portion of said 550 feet was to the north and a portion of said 550 feet was to the south of the aforesaid rights of way.

The Southwest Missouri Railroad Company became a bankrupt in 1938, ceased operations, took up its tracks, and the trustee in bankruptcy, in due course and for a valuable consideration, sold and conveyed said North 550 feet, "except the Missouri Pacific Railway Company right of way," to Harrison G. Rogers. On May 25, 1948, "the State of Missouri acting by and through the State Highway Commission of Missouri," for a consideration of $300, acquired said title of said Rogers from his heirs and is now constructing re-located Highway 66 across said land.

Through successive warranty deeds the title of J. G. L. Carter to said S. E. 1/4 of the N. E. 1/4, "except 550 feet off the entire north side" thereof, vested in T. T. Wolfe and Elizabeth Wolfe,

husband and wife, on December 28, 1936, and they conveyed said real estate by warranty deed to plaintiff on March 13, 1945. Mr. Wolfe died November 17, 1947. On March 18, 1949, plaintiff secured a quit claim deed from Elizabeth Wolfe, surviving widow and a single person, to said North 550 feet, "except the Missouri Pacific Railroad Company's right of way."

The question for determination is whether the warranty deed of J. G. L. Carter to the Southwest Missouri Railroad Company conveyed the fee simple title, as he undertook to do for a consideration of $1,708.50, to said North 550 feet, except the Missouri Pacific Railway Company's right of way, or did said deed convey merely an easement which reverted to the owners of the forty acres when the Southwest Missouri Railroad Company became a bankrupt and abandoned operations in 1938.

Plaintiff first says that the Southwest Missouri Railroad Company was actually operating as a street railroad company, is governed by the street railroad law (Art. 4, §§ 5295-5320, Ch. 33, R. S. 1939; formerly Art. 3, §§ 1175-1190, Ch. 12, R. S. 1899; Art. 5, §§ 4889-4915, Ch. 32, R. S. 1929), and a reverter to the then owners of the forty acres occurred upon abandonment in 1938 because street railroad companies only have authority to own a right of way as an easement. He relies upon § 5316, fourth, R. S. 1939; State ex rel. State Highway Comm. v. Union El. Co., 347 Mo. 690, 148 S. W. 2d 503, 505[2-5]; Hannah v. Metropolitan St. Ry. Co., 81 Mo. App. 78, 82; Sams v. St. Louis & M. R. Rd. Co., 174 Mo. 53, 68, 73 S. W. 686, 689, 61 L. R. A. 475; Riggs v. St. Francois County Ry. Co., 120 Mo. App. 335, 347, 348, 96 S. W. 707, 711.

Under § 5316, supra, street railroad corporations may acquire by grant a right of way not to exceed fifty feet in width over private property. § 4911, R. S. 1929.

The record discloses that the Missouri Southwest Railroad Company was incorporated in 1906 under the railroad corporation law—Art. 2, §§ 1034-1174, Ch. 12, R. S. 1899 (Art. 2, §§ 5126-5289, Ch. 33, R. S. 1939), not Art. 3, Ch. 12. R. S. 1899, supra, to construct and operate "a standard gauge railroad for public use in the conveyance of persons and property" (§ 5128, sixth, R. S. 1939; § 1035, R. S. 1899) between Carthage, Missouri, by way of Webb City and Joplin, and Galena and Baxter Springs, Kansas, and between other specified cities in the states of Missouri and Kansas, the length of the road being 101 miles. Street railroads are authorized to collect "fares for the transportation of persons, express and mails." § 5316, third, R. S. 1939; § 1187, R. S. 1899. After incorporation, the Southwest Missouri Railroad Company operated a standard gauge railroad serving, among other cities, Joplin, Duenweg, Webb City and Carthage in Missouri, Galena and Baxter Springs in Kansas, and Picher in Oklahoma. It used electric power. Railroads are

authorized to use the force of steam, or of animals or "any mechanical power." § 5128, sixth, R. S. 1939; § 1035, R. S. 1899. Its passenger cars stopped at street intersections in cities and special stops in the country for passengers. It carried passengers, freight and parcels for hire and switched and handled the cars of steam railroads over its own rails in intrastate and interstate commerce, maintaining a schedule of tariffs with the Interstate Commerce Commission and the respective state regulatory authorities. Seventy-five per cent (possibly 85%) of its trackage was outside the corporate boundaries of incorporated cities.

In these circumstances, the Southwest Missouri Railroad Company was a "railroad corporation," even under plaintiff's case of Hannah v. Metropolitan St. Ry. Co., supra. Consult Walker v. Southwest Mo. Rd. Co. (Mo. App.) 198 S. W. 441; Lash v. Southwest Mo. Rd. Co. (Mo. App.), 180 S. W. 11. And see Kansas & Tex. Coal Ry. v. Northwestern Coal & Mining Co., 161 Mo. 288, 307(I), 61 S. W. 684, 686(1), 51 L. R. A. 936, 84 Am. St. Rep. 717; Gillespie v. Terminal Rd. Ass'n (Mo. App.), 204 S. W. 2d 598, 604[14].

Our course has been charted by court en banc in Coates & Hopkins Realty Co. v. Kansas City Term. Ry. Co. (1931), 328 Mo. 1118, 1132 et seq., 43 S. W. 2d 817, 821 et seq.

█ Railroad corporations, in addition to the other powers conferred, have power: "* * * second, to take and hold such voluntary grants of real estate and other property as shall be made to it to aid in the construction, maintenance and accommodation of its railroads; but the real estate received by voluntary grant shall be held and used for the purpose of such grant only; third, to lay out its road, not exceeding one hundred feet in width and to construct the same * * *." § 5128, R. S. 1939; formerly § 4655, R. S. 1929; § 1035, R. S. 1899.

The 55 foot strip of land acquired for right of way purposes by the Jasper County Electric Railroad Company for a consideration of $5 was adjacent to the south line of the Missouri Pacific Railroad Company's right of way, and on August 23, 1906, was acquired by the Southwest Missouri Railroad Company. Defendant makes no contention that said conveyances vested anything more than an easement.

However, on January 29, 1912, J. G. L. Carter conveyed a fee-simple title to the land here in question (said North 550 feet) for a valuable consideration; viz.: $1,708.50, to defendant's predecessor in title; and defendant says, since said 550 feet abutted the rights of way of the Missouri Pacific railroad on the north and the Southwest Missouri railroad on the south, that when the Southwest Missouri Railroad Company abandoned its right of way the title to said right of way remained vested in the Southwest Missouri Railroad

Company as the then owner of the lands abutting the rights of way on both sides.

We think it evident, with railroads authorized to lay out their roads on rights of way not exceeding 100 feet in width (§ 5128, supra), that said North 550 feet did not constitute a right of way of the Southwest Missouri Railroad Company.

Section 21 of Article 2 of the Missouri Constitution of 1875 provided, so far as material here: "That private property shall not be taken * * * for public use without just compensation. * * * The fee of land taken for railroad tracks without consent of the owner thereof shall remain in such owner, subject to the use for which it is taken." R. S. 1939, p. 69c. By its terms said provision relates to a taking without the consent of the owner, a condemnation, of land for railroad tracks, rights of way. The condemnor generally takes only an easement in land taken for railroad tracks without the consent of the owner. Coates & Hopkins Realty Co. v. Kansas City Term. Ry. Co., 328 Mo. 1118, 1136, 43 S. W. 2d 817, 823[11]. The land here in question was taken with the consent of the owner in exchange for a valuable consideration and was not taken for railroad tracks.

The land in Coates & Hopkins Realty Co. v. Kansas City Term. Ry. Co., supra, had been conveyed for a valuable consideration to certain railroads, as is the fact in the instant case. The court stated: "* * * a voluntary conveyance is a conveyance without any valuable consideration"; and construed the words "voluntary grant" in § 5128, quoted supra, to mean that a conveyance to a railroad corporation reverts to the grantor upon abandonment when the land is conveyed without a valuable consideration, or when it is conveyed to induce a railroad to take a defined route. (328 Mo. 1. c. 1132, 1133, 43 S. W. 2d 1. c. 821, 822.)

The court also held that § 5030, R. S. 1939 (formerly § 4555, R. S. 1929; § 2990, R. S. 1909), of the general corporation laws was as applicable to railroad corporations as to other corporations. That section authorizes corporations: "Fourth. To hold, purchase, mortgage or otherwise convey such real and personal estate as the purposes of the corporation shall require." The court stated:

"Neither our Constitution nor our statutes, except land acquired by condemnation proceeding or by voluntary grant, unless the deed defines the estate granted, discloses any limitation upon the power of a railroad corporation to hold, purchase, or convey the fee in land when acquired by bargain and sale upon a valuable consideration." Many authorities are cited in support of the holding that railroad corporations may acquire the fee-simple title by a purchase for a valuable consideration, "notwithstanding it acquires only an easement

through condemnation proceedings." (328 Mo. l. c. 1134, 43 S. W. 2d l. c. 822.)

It follows that the warranty deed of J. G. L. Carter of January 29, 1912, executed in consideration of the payment of $1,708.50, passed the fee-simple title to the real estate in question to the Southwest Missouri Railroad Company; and said grantee also acquired the title to the 55 foot right of way by virtue of being the owner in fee of the abutting lands at the time of the abandonment of said right of way. Kelley v. Waymeyer, 356 Mo. 1043, 1046[2], 204 S. W. 2d 744, 745[3]. See State ex rel. Highway Commission v. Union El. Co., 347 Mo. 690, 148 S. W. 2d 503, 505.

Plaintiff's cases of Chouteau v. Missouri Pac. Rd. Co., 122 Mo. 375, 22 S. W. 458, 30 S. W. 299, and Allen v. Beasley, 297 Mo. 544, 249 S. W. 387, were expressly overruled in so far as they announced the rule "that a railroad corporation may not, upon a valuable consideration, by agreement and purchase and by a deed in fee, take the fee in land so purchased * * *," as well as other cases, if any, in conflict with Coates & Hopkins Realty Co. v. Kansas City Term. Ry. Co., 328 Mo. l. c. 1135[III], 43 S. W. 2d l. c. 823[10].

Plaintiff's other cases are distinguishable. Brown v. Weare, 348 Mo. 135, 152 S. W. 2d 649, 652, involved a "voluntary grant," which was expressly restricted for railroad purposes, an easement only; and what was there said is to be read in the light of the facts of that case.

State ex rel. Highway Commission v. Union El. Co., 347 Mo. 690, 148 S. W. 2d 503, 505, applied the law relating to street railroad corporations to conveyances for rights of way purposes.

The conveyances in State ex rel. Highway Commission v. Griffith, 342 Mo. 229, 114 S. W. 2d 976, 980[2], was "as and for a right of way for said railway," which was held to be a conveyance "for right of way purposes only, irrespective of the consideration" and when the use ceased, the land reverted.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.