WABASH RAILWAY COMPANY, Appellant, v. FRANCES CHAUVIN ET AL.
—144 S. W. (2d) 110.

Division One, October 31, 1940.

*N. S. Brown, R. B. Elster* and *A. E. L. Gardner* for appellant.

*Louis V. Stigall* and *Ralph M. Eubanks* for respondents.

HYDE, C.—This in an action to try and determine title. Plaintiff claims fee simple title under condemnation prior to the adoption of our Constitution of 1875. Defendant State Highway Commission answered claiming title to part of the land and affirmatively seeking determination of title. Defendant Emmons (one of the heirs of the original owners Chauvin and Ham) answered by general denial. The court adjudged that title to the land claimed by the Commission was vested in it as "an easement for state highway purposes;" that the other defendants (Chauvin and Ham heirs) were "vested with fee simple title" in all the land "subject to the easement for state highway purposes" in the part used therefor; and that "plaintiff has no right, claim or interest . . . in any of the real estate." Plaintiff has appealed from this judgment.

The whole tract in question was used by plaintiff as a part of its right of way for many years prior to 1936. Thereafter, all tracks were removed from it, and it was abandoned for railroad right of way purposes, when plaintiff built a new bridge over the Missouri River at another location. Plaintiff's predecessor, The North Missouri Railroad Company, began a condemnation suit against Pelagie Chauvin et al. in 1857, for a strip of land 300 feet wide and about two miles long. The company obtained a decree which required the payment of $6400, "as the amount of damages which will be done to the land of defendants and the improvements thereon, *after taking into consideration the value of said land and the advantages and disadvantages of the railroad to the tract or lot of which the same forms a part.*" (This amount was fixed by agreement.) The judgment further recited "that fee simple title be vested in The North Missouri Railroad Company aforesaid to the land described." The rest of the land involved herein, a triangular tract of 15.96 acres north of the first strip, was condemned by suit in 1870 against Joseph Ham et al. for approaches to the original railroad bridge over the Missouri River. The decree in that case required payment of damages of $1436.40 to Ham and

$899.60 to others. The petition in that case alleged the incorporation of the company by the act of 1851, also stated that this act had been amended by later acts of January 7, 1853, and December 12, 1855, and prayed proceedings *"in pursuance of the above recited acts, and of the general act of 1855 entitled an act to authorize the formation of Railroad Associations and to regulate the same."* This decree also recited "that fee simple title to the land condemned for the use of said Railroad . . . be and the same is hereby vested in said Railroad forever." In September, 1937, after its abandonment by plaintiff, the State Highway Commission obtained judgment in its condemnation suit against the Chauvin and Ham heirs (it had right of way quitclaim deeds from many of them) for the use of part of both tracts for use for state highway purposes. Plaintiff was not a party to that suit. Thereafter, in December, 1937, plaintiff commenced this suit claiming the title in fee simple to all of both tracts.

The question for decision is whether plaintiff's predecessor acquired the title absolutely in fee simple, by these condemnation proceedings, so that there would be no reverter to the heirs of the original owners by abandonment of the tract for railroad purposes. It is not contended that this tract ever had or could have any use for such purposes other than for right of way. It is, of course, no longer possible for a railroad to acquire such a fee title by condemnation. [Constitution of Missouri, Art. 2, Sec. 21; see also Art. 12, Sec. 14; Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co., 328 Mo. 1118, 43 S. W. (2d) 817; State ex rel. State Highway Comm. v. Griffith, 342 Mo. 229, 114 S. W. (2d) 976.] It is conceded, however, that plaintiff has whatever title its predecessor had. This question must, of course, be determined by the statutes then in force because there was then no constitutional prohibition against the enactment of condemnation statutes which would authorize the vesting of fee simple title.

The North Missouri Railroad Company was incorporated by a special act of the Legislature in 1851. (Laws of Mo. 1850-51, p. 483.) There was in effect at that time a statute (R. S. Mo. 1845, p. 232, sec. 7, chap. 34) providing: "The charter of every corporation that shall hereafter be granted by the Legislature, shall be subject to alteration, suspension, and repeal, in the discretion of the Legislature." The Act of 1851 (sec. 1) authorized the company to "take, hold, use, possess and enjoy the fee simple or other title in and to any real estate" and to "sell, convey, pledge, mortgage or dispose of the same." The company was authorized (sec. 7) to "construct a railroad from the City of St. Charles, . . . passing up the divide between the tributaries of the Mississippi and Missouri Rivers . . . in the direction of Fort Des Moines (Iowa);" and "for that purpose may hold a strip of land not exceeding one hundred feet in width." (Wider "in passing hills and valleys, etc.") The company was also ·

authorized (sec. 8) "to take voluntary relinquishments of right of way for said road;" and where this could not be done to commence condemnation (sec. 9) in circuit court. In fixing the damages in such proceedings, the court's appraisers were required (sec. 9) to "take into consideration the value of the land and the advantages and disadvantages of the road to the same." It was also provided (sec. 10) that "the Court shall enter judgment in favor of such owner, against such company, for the amount of damages assessed, and shall make an order vesting in said company the fee simple title of the land." Because of this latter provision, plaintiff claims to still be the owner of the absolute title in fee simple even after complete abandonment of the land in controversy for railroad purposes. This court held against this contention in Kellogg v. Malin, 50 Mo. 496, in a case involving the same language (authorizing "an order vesting in the company the fee simple title") as to right of way condemnation in the act chartering the Platte County Railroad Company. This court held that "notwithstanding the language used, nothing more than an easement passed to the road, giving it perpetual and continuous title so long as it used the land for the purpose for which it was taken, but, when that use was abandoned, then it would revert back to the owner." The court's reason for its ruling was that the Platte County Railroad Company act further provided that "in determining the consideration to be paid . . . the benefits and advantages accruing to the owner are taken into calculation;" and that "if the road should . . . be abandoned, the owner would be deprived of his estate without any compensation" (unless there was reverter) where he was given only nominal damages because of excess benefits, and also likewise in any case of benefits being considered he would never receive full compensation if the right of way was later abandoned. This decision was reaffirmed in Allen v. Beasley, 297 Mo. 544, 249 S. W. 387, where subsequent cases were reviewed. Likewise, in Venable v. Wabash Western Railway Co., 112 Mo. 103, 20 S. W. 493 (also involving a North Missouri Railroad right of way title) this court said (in the case of a grant by voluntary deed in 1865) that "the tenure of the corporation is in the nature of a trust for public use, subject to the supervision of the government," whether the right of way is obtained by voluntary deed, dedication or condemnation.

However, we have more to consider in this case than was before the court in Kellogg v. Malin, supra, because of subsequent acts (prior to the condemnation suits herein) changing the condemnation proceedings by which this company was authorized to acquire land for right of way. Before either condemnation herein, the North Missouri Railroad Act was amended in 1853 (Laws of Mo. 1852-53, p. 323, l. c. 326, sec. 9) to authorize the company to construct a "railroad from the City of St. Charles to any point in the City of St. Louis." It was also further amended in 1855 (Laws of Mo. Local and Private, 1855,

p. 232-233) to provide a different proceeding (changing Sections 9 and 10 of the 1851 Act) under which the damages were to be fixed by taking "into consideration the value of the land on such part thereof as shall not have been relinquished and the advantages and disadvantages of the road to the tract or lot of which the same forms a part;" and in which the court was only authorized to "make an order vesting in said company the right of way for said road across or over the land." · Moreover, this change was in accord with the condemnation title provisions of the general law, applicable to railroads, adopted at this same session of the Legislature. This general act did not authorize the vesting of fee simple titles but provided that upon payment of compensation awarded for right of way, "the company shall be entitled to enter upon, take possession of, and use the said land, for the purpose of its incorporation, during the continuance of its corporate existence;" that "parties to the proceedings shall be divested and barred of all right, estate and interest in such real estate during the corporate existence of the company;" and that "all real estate acquired by any company . . . shall be deemed to acquire for public use." (R. S. 1855, chap. 39, sec. 18.) Section 57 of Chapter 39 provided that "all existing railroad corporations . . . shall have and possess all of the powers contained in this act; and they shall be subject to all the duties, liabilities and provisions, not inconsistent with the provisions of their charter, contained in this act." As shown by the italicized part of the petition in the Ham condemnation hereinabove quoted, the company alleged the enactment and effect of these general statutes, as well as the 1855 amendments to its charter, and sought to have their provisions applied to that case. The petition in the Chauvin condemnation is not shown, but that suit was begun after the enactment of both the general law on railroad condemnation and the 1855 amendment of the company's original charter changing its condemnation · provisions concerning fee simple title. As shown by the italicized part hereinabove quoted, the Chauvin judgment recited the exact language of the 1855 amendment to the company's charter, changing the part thereof concerning condemnation, and applied the more liberal rule it provided for fixing damages. Very likely these changes enabled the company to acquire right of way on its St. Louis line with less expense for damages than it could have done under the original method provided. In any event, the only reasonable· conclusion is that in both cases the company was proceeding under the 1855 laws, which did not purport to vest absolute fee simple title, and that the court had no authority thereafter to do so in its judgment.

The judgment is affirmed. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.