JULIAN H. BAGBY, Trustee for the City of Sedalia, a Municipal Corporation, and THE CITY OF SEDALIA, MISSOURI, a Municipal Corporation, Appellants, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Corporation.—No. 38029.—171 S. W. (2d) 673.

Court en Banc, June 3, 1943.

Fred F. Wesner and Wm. F. Brown for appellants.

*Carl S. Hoffman,* *W. H. Martin* and *Montgomery, Martin & Montgomery* for respondent.

82

WESTHUES, C.—This is a suit to try title to real estate. The trial court sustained a demurrer to plaintiffs' petition. Plaintiffs

refused to plead further and the court found the issues for the defendant. From the judgment entered plaintiffs appealed.

The trial court sustained the defendant's demurrer on two grounds. First, because the petition failed to state facts sufficient to constitute a cause of action and second because it affirmatively appeared upon the face of the petition that the defendant was the owner of the fee simple title to the premises and that plaintiffs had no interest therein.

We deem it best to state the facts alleged in the petition in lieu of quoting it in full. Plaintiffs are, Julian H. Bagby, as trustee for the city of Sedalia, and the City of Sedalia. Plaintiffs alleged that the city was the owner in fee of the real estate described in the petition. We omit its description. It was alleged that the defendant's car and coach shops are located upon the real estate involved; that the city acquired title to one parcel of the real estate through a deed dated January 29, 1941, executed by the heirs of A. P. and E. J. Morey, both deceased; that plaintiffs acquired title to the other tract by a deed dated February 25, 1941, executed by the Porter Real Estate Company, a corporation; that the title was conveyed to Julian H. Bagby as trustee for the city of Sedalia. The petition recited that on the 13th day of April, 1897, A. P. Morey and E. J. Morey, his wife, conveyed to the Missouri-Kansas and Texas Railway Company the Morey tract above mentioned without receiving any monetary consideration therefor; that it was a voluntary grant to the railway company for its use and benefit to aid in the construction, maintenance and accommodation of a railroad and for the purpose of establishing and permanently maintaining and operating on said lands the principal car and coach shops of said railroad; that the sole consideration for said deed was that said land was to be used solely and only by the defendant for the purpose of erecting, permanently maintaining and operating its principal car and coach shops on said lands. The petition then recited that on the 13th day of April, 1897, a similar deed was executed by the Porter Real Estate Company conveying to the railway company the tract of land which the Porter Real Estate Company conveyed to plaintiff in the year 1941, as above mentioned. The petition alleged that the railway company accepted the deeds and title to the lands with the conditions mentioned in the deeds, without monetary consideration being paid therefor, for the sole purpose of permanently maintaining and operating its principal car and coach shops thereon. In the paragraph following, the petition recited that, at the time of the making of the deeds by the Moreys and the land company, the inhabitants of the city of Sedalia subscribed $100,000.00 in cash with which the railway company shops were built on said real estate for the purpose of furthering and obtaining the location, establishment and permanent maintenance of the principal car and coach shops of the defendant so as to provide employment for the citizens of Sedalia and its trade territory. The petition alleged that

the defendant, Missouri-Kansas and Texas Railroad Company, is the successor of the Missouri-Kansas and Texas Railway Company. The petition then reads as follows:

"The plaintiffs further state that the defendants have ceased to maintain and operate their principal car and coach shops on said real estate and in said buildings thereon situated, and are not now using said real estate and the buildings thereon situated as its principal car and coach shops, as provided for and set forth as a condition of and the consideration for said voluntary grants and the contribution of said sum of money by the inhabitants of the City of Sedalia, Missouri, and that the defendants are now in the possession of said premises to the exclusion of plaintiffs, its fee simple owners thereof, and in violation of the terms and conditions of said voluntary grants."

Appellants in their brief assert that the deeds of Morey and the land company to the defendant company were voluntary grants and without consideration; that the petition so alleged. It is true the petition on numerous occasions referred to the deeds as being voluntary grants and that no monetary consideration was paid. However, the petition recited facts which conclusively showed that the deeds were not without a valuable and substantial consideration. The petition affirmatively alleged that when the railroad company accepted the deeds and the $100,000.00 raised by the citizens of Sedalia it did locate and erect its car and coach shops on the land conveyed for that purpose. It was also alleged that the car and coach shops were desired to provide employment for the citizens of Sedalia and its trade territory. The railroad's compliance with that contract was a valuable consideration for the land conveyed. The question is hardly debatable. The allegations in the petition to the effect that the deeds were voluntary grants do not make them so in the face of specific facts pleaded to the contrary which disclosed a valuable consideration. Sec. 5128, R. S. Mo. 1939, relied upon by the plaintiffs, does not apply to this kind of a situation. Coates & Hopkins Realty Co. v. Kansas City Terminal R. Co. et al., 328 Mo. 1118, 43 S. W. (2d) 817, l. c. 823 (10). Plaintiffs in this case do not plead that the defendant had abandoned its railroad or even the shops. The only charge in this respect was that defendant ceased to maintain and operate its principal car and coach shops at Sedalia.

Plaintiffs' claim of ownership was based upon the theory that since the deeds were voluntary grants the defendant had forfeited its right in the premises by failing to maintain and operate its principal car and coach shops on the land in question and that therefore the easement acquired by the deeds had been extinguished. Plaintiffs did not assert in the petition that the deeds contained any forfeiture clause, or any provision that the land should revert to the grantors, or words that might be so construed. In view of that situation it cannot be contended that the defendant forfeited its title or easement.

Forfeitures are not favored and the law does not supply a forfeiture clause in a contract where none exists. On this subject see what this court said in an early case. In Morrill v. Wabash, St. Louis & Pac. R. Co., 96 Mo. 174, 9 S. W. 657, 1. c. 659, we find:

"Again, conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates. 4 Kent, Comm. (10th Ed.) 150. When relied on to work a forfeiture, they must be created in express terms or by clear implication. 1 Washb. Real Prop. (3d Ed.), 469. Keeping these rules in view, we are of the opinion that this deed cannot be construed as upon a condition that the road shall be built for the entire charter route of the grantee. No such a condition is created in express terms, nor does it appear by clear implication."

That principle of law is so well settled that further citation of authority is unnecessary.

We infer from the allegations of the petition that the defendant company erected its car and coach shops in conformity with the terms of the deeds and the agreement had when it accepted the deeds and the $100,000.00, and thereafter maintained and operated those shops. The period of time these shops were in operation was not alleged. They were erected over forty years ago. The only charge is that the company has ceased to maintain and operate the railroad's principal car and coach shops upon the premises. The case of Texas & Pac. R. Co. v. Marshall, 136 U. S. 393, resembles the present case very much. The word "permanent" was relied upon in that case, as in the present case, as creating an obligation on part of the railroad to maintain the shops forever. The court in the Texas case stated the issue thus:

"As regards the appeal of the railway company, two principal questions are presented. The first of these is, was there a valid contract that the corporation should not only establish its eastern terminus at Marshall City, and put up there the depot buildings and machine shops, car works, etc., included in the contract, but should keep them there perpetually?"

The comment of the court on the question was as follows:

"It appears to us, so far from this, that the contract on the part of the railroad company is satisfied and performed when it establishes and keeps a depot, and sets [676] in operation car works and machine shops, and keeps them going for eight years, and until the interests of the railroad company and the public demand the removal of some or all of these subjects of the contract to some other place. This was the establishment at that point of the things contracted for in the agreement. It was the fair meaning of the words 'permanent establishment,' as there was no intention at the time of removing or abandoning them. The word 'permanent' does not mean forever, or lasting forever, or existing forever. The language used is to be con-

sidered according to its nature and its relation to the subject matter of the contract, and we think that these things were permanently established by the railway company at Marshall.''

■■■ The following cases cited by appellants are not in point, as may be noted by a casual reading of the opinions. In Wabash R. Co. v. Chauvin, 346 Mo. 950, 144 S. W. (2d) 110, the railroad company had acquired the land through condemnation proceedings for the purpose of constructing its road-bed thereon. Later the tracks were removed and the road abandoned. So too in the case of Brown v. Weare, 348 Mo. 135, 152 S. W. (2d) 649, 136 A. L. R. 286, the land in controversy had been abandoned by the railroad. This court at page 653 of 152 S. W. (2d), paragraphs (7-9) (10), discussed the question of what was a valuable consideration within the purview of section 5128, supra. It was there held that even though the deed recited a consideration of one dollar it was nevertheless a voluntary conveyance within the meaning of the statute. The court in commenting on the ruling made in Coates & Hopkins Realty Co. v. Kansas City Terminal R. Co., 328 Mo. 1118, 43 S. W. (2d) 817 said:

''Therefore, the term valuable consideration must have been used in the Coates case in the sense of substance rather than in its more generally understood use in the law of conveyancing. That case could not have intended that a mere nominal consideration would be adequate to convert a voluntary grant as the latter term is used by the statute. The opinion itself supports this conclusion as it states: 'It is said in London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, that, in courts of law, a voluntary deed is one which is given without consideration, as that term is defined in law, which must be substantial as opposed to nominal merely.' (328 Mo. 1118, 43 S. W. (2d) 821.)''

In the case before us plaintiffs' petition stated that the land was conveyed to the defendant on condition that it build its car and coach shops thereon. The company did so. That constituted a valuable and substantial consideration. Stanley v. Schwalby, 162 U. S. 255 l. c. 276, 40 L. Ed. 960, l. c. 967; 17 C. J. S. 435, sec. 88. In 17 C. J. S., page 432, sec. 84, we find the following:

''The benefits accruing to property owners from the location of public buildings, military headquarters, or manufacturing plants or other private buildings, constitute a valuable consideration for their contracts with reference thereto.''

It follows that the deeds of the Moreys and the Porter Real Estate Company, executed in the year 1897, conveyed title to the defendant railroad company.

The judgment is affirmed.

PER CURIAM:—The foregoing opinion by WESTHUES, C., in Division Two is adopted as the opinion of the Court en Banc. All concur except Gantt, J., absent.