SCHUERMANN ENTERPRISES, INC., formerly known as Land Investment Corporation, a Corporation, Appellant,

v.

ST. LOUIS COUNTY, Union Electric Company, Terminal Railroad Association of St. Louis, and Title Insurance Corporation, Respondents.

No. 53253.

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Motion to Correct Opinon for Rehearing or to Transfer to Court En Banc Denied
Feb. 10, 1969.

Robert A. Hamilton, Kenneth S. Lay, Tremayne, Joaquin, La & Carr, Clayton, Carroll J. Donohue, Shulamith, Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

Joseph B. Moore, St. Louis County Counselor, Clayton, for respondent, St. Louis County.

George P. Mueller, St. Louis, for respondent, Terminal R. R. Assn. of St. Louis.

Jesse E. Bishop, St. Louis, for respondent, Title Ins. Corp.

C. Kenneth Thies, Kerth, Thies, Schreiber & Hamel, Clayton, for respondent Union Electric Co.

HIGGINS, Commissioner.

Plaintiff's action was for a declaratory judgment that a deed of April 17, 1902, conveyed only an easement to the grantee; and defendants sought and had judgment determining that the deed conveyed a fee simple title.

Schuermann Enterprises, Inc., is the successor in interest to St. Louis University and claims ownership of a part of Lots 4, 5, and 6, Owen Chambers Estate Partition; St. Louis County claims its interest in the property under mesne conveyances from St. Louis Belt and Terminal Railway Company; Union Electric Company and Terminal Railroad Association of St. Louis were intermediate grantees in the chain through which St. Louis County claims, and Title Insurance Corporation has issued certain certificates of title to St. Louis County.

The facts were stipulated. Prior to April 17, 1902, St. Louis University owned Lots 4, 5, and 6, Owen Chambers Estate Partition in U.S. Survey 393, Township 46 North, Ranges 6 and 7 East. On April 17, 1902, St. Louis University executed and delivered a "Corporation General Warranty Deed" by which St. Louis University, for a consideration of $5,500, did "Grant, Bargain and Sell, Convey and Confirm unto" St.

Louis Belt and Terminal Railway Company, "the following described Lots, Tracts or Parcels of Land * * * towit: A strip of ground or right of way containing twelve and eighteen hundredths (12$^{18}$/$_{100}$) acres in U.S. Survey No. 393 * * * in St. Louis County, and one line through which strip (the so-called centre line of said second party's right of way) is described * * *; (Here follows a metes and bounds description of a strip approximately one-half mile long varying in width from 100 to 250 feet), and being the property mentioned in the attached Survey of B. E. Johnson, which plat showing survey is made a part hereof. (Here follows the pertinent part of the survey followed by legend): I certify that the colored portion of above plat correctly represents the Right-of-way described in deed from St. Louis University to St. Louis Belt and Terminal Railway. Also correct acreage in deed. B. E. Johnson, Chief Engineer. To Have and To Hold * * *; the said party of the first part hereby convenanting that it and its successors will Warrant and Defend * * *."

St. Louis Belt and Terminal Railway Company was incorporated March 14, 1902, to construct and operate a standard gauge railroad for public use. In 1902 it acquired interests in property, including the land in issue, located between the St. Louis K. and N.W.R.R. Company on the east to the Wabash Railroad (Olive Street branch) on the west, and constructed its railroad along a line shown on a plat, Exhibit B. That portion of the line pertinent to this suit is shown in red. It lies immediately to the east of the Wabash intersection, the wider portion being nearest the intersection. Some of the interests acquired by St. Louis Belt and Terminal were by condemnation.

St. Louis Belt and Terminal conveyed all its property and rights, including the subject of this action, to Terminal Railroad Association of St. Louis by quitclaim deed, December 3, 1953. Terminal conveyed the same property to Union Electric Company by warranty deed, November 5, 1958, and

Union Electric conveyed it to St. Louis County on the same date reserving two 15-foot easements. (The answer of Union Electric alleges it conveyed to St. Louis County "the right to establish and construct a roadway over and across the major portion of the property.")

St. Louis University conveyed all its interest in the property to G. J. and John A. Nooney by warranty deed July 20, 1951, and the Nooneys in turn conveyed that interest to Land Investment Corporation by warranty deed August 3, 1953. Land Investment Corporation subsequently changed its name to Schuermann Enterprises, Inc.

The trial court found that the deed of April 17, 1902, conveyed fee simple title to St. Louis Belt and Terminal Railway Company; that such title has now vested in St. Louis County subject to easements in favor of Union Electric Company, and that Schuermann Enterprises, Inc., has no right, title or interest in the premises.

Appellant Schuermann contends the court erred in holding that the 1902 deed conveyed a fee simple title to the predecessor of St. Louis County and Union Electric Company because the interest conveyed by that deed was a right of way and consequently only an easement was created.

The question is whether the instrument of 1902 conveyed a fee simple title, or did it convey only a right of passage or easement upon the land in question which was extinguished when the railroad ceased to use the land for a roadbed upon which to run its trains?

■ Railroads may hold, purchase, or convey the fee in land when the acquisition is by general warranty deed without any restriction on the quantum of title conveyed and for a valuable consideration, Coates & Hopkins Realty Co. v. Kansas City Terminal R. Co., 328 Mo. 1118, 43 S.W.2d 817, 822; Clay v. Missouri State Highway Commission, 362 Mo. 60, 239 S.W.2d 505, 508 [4–6]; but where the acquisition is for right of way only, whether by condemnation,

voluntary grant or conveyance in fee upon a valuable consideration, the railroad takes only an easement over the land and not the fee. Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 652[2], 136 A.L.R. 286. Such easement is extinguished when the railroad ceases to run trains over the land, State ex rel. State Highway Commission v. Griffith, 342 Mo. 229, 114 S.W.2d 976, 980 [2]; and, upon that occurrence, the use of the land is again in the original owner or his grantees, free of the burden of the easement. Brown v. Weare, supra, 152 S.W.2d 1. c. 654–655[14–16].

There is no dispute that the acquisition in question was by warranty deed for a valuable consideration as opposed to acquisition by condemnation or voluntary grant, and the conveyance passed the fee unless the intention to pass a less estate appears in the deed. Sections 442.420, 442.460, V.A.M.S.; St. Louis Union Trust Co. v. Clarke, 352 Mo. 518, 178 S.W.2d 359.

■ The deed from St. Louis University to St. Louis Belt and Terminal Railway Company expressly limited the interest conveyed to a right of way. The quantum of interest conveyed is first stated as "a strip of ground or right of way." Any ambiguity in the use of "or" is immediately dispelled by the recital and metes and bounds description of "said second party's right of way." Ultimate express limitation of the interest conveyed is provided by the certificate of the grantee railroad's chief engineer that the metes and bounds description "correctly represents the Right-of-way described in deed from St. Louis University to St. Louis Belt and Terminal Railway." The purpose of the acquisition was to construct and operate a connecting line between two existing railroads, and that was the only use made of the land; the grantee railroad constructed no elevators, warehouses, or other permanent facilities on the land in question which would be inconsistent with ownership of an easement only.

State v. Griffith, supra, dealt with a virtually identical conveyance to a railroad

by warranty deed upon valuable consideration. That deed recited that the grantor did "grant, bargain and sell, convey and confirm unto (the railroad) * * * the following described lots, tracts or parcels of land * * *: *As and for a right of way for said railway.*" 114 S.W.2d 1. c. 977. Then followed a metes and bounds description and the habendum and covenants of a warranty deed. The deed was held to convey only an easement in the land in question; and the limitation there, "As and for a right of way for said railway," is no more express in limiting the quantum of estate to an easement than the thrice-repeated limiting terminology in the deed from St. Louis University to St. Louis Belt and Terminal Railway. Compare Clay v. Missouri State Highway Commission, supra, where the land in question was conveyed by warranty deed upon valuable consideration without any limitation on the estate conveyed and it was held that the deed conveyed a fee title. See also Clevenger v. Chicago, M. & St. P. R. Co., Mo., 210 S.W. 867.

■ "Right of way" has been accorded two meanings in railroad parlance—the strip of land upon which the tract is laid—and the legal right to use such strip, Joy v. City of St. Louis, 138 U.S. 1, 44, 11 S.Ct. 243, 34 L.Ed. 843; Quinn v. Pere Marquette Ry. Co., 256 Mich. 143, 239 N.W. 376, 379; but where the interest conveyed is limited to right of way or for right of way the estate conveyed is an easement only. Brown v. Weare, supra, 152 S.W.2d 1. c. 656[19, 20].

Respondents argue that the reasons for limiting railroads in their acquisitions no longer exist because conditions have changed since the days of overreaching of landowners by railroads. However, a definite policy has been established in this state which particularly controls the nature and extent of the interest of railroads in real estate. Brown v. Weare, supra, 152 S.W. 2d 1. c. 656[19, 20].

Under this statement of Missouri public policy, respondents' citations from other jurisdictions are not in point; and under the Missouri authorities the limitations by St. Louis University of the grant in the deed to right of way resulted in acquisition by the Belt and Terminal Railway of an easement only. The fee remained in St. Louis University as the owner of the adjacent property and subsequent conveyances of the adjacent property carried the interest in the property over which the easement had been granted to appellant.

Respondents argue also that Section 388.-210(3), V.A.M.S., limits a railroad in right-of-way acquisition to 100 feet, but the statute expressly authorizes a railroad "to take as much more land as may be necessary for the proper construction and security of the road." In Brown v. Weare, supra, the strip in which the railroad was held to have only an easement was 350 feet wide.

Respondents state that "absent four surplus words ('or right-of-way') there would be no real argument which could be made by appellant." As demonstrated, this argument overlooks the other recitals of intent to convey and acquire a right of way only, as well as the surrounding facts.

Accordingly, the decree of the trial court adjudging title to the right of way in respondents was in error, because title is in appellant as the owner of the land contiguous and adjacent to an abandoned railroad right-of-way easement.

Judgment reversed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER and STORCKMANN, JJ., concur.

HENLEY, P. J., concurs in result.