**SEVENTY–NINTH STREET IMPROVE-MENT CORPORATION, Respondent,**

v.

**James G. ASHLEY, Jr., Olive J. Ashley, Executrix of the Estate of James G. Ashley, Sr., Partners dba Kansas City Public Service Freight Operation, Appellants.**

**No. 57493.**

Supreme Court of Missouri,
Division No. 2.

May 13, 1974.

**122**

Russell S. Noblet, Shook, Hardy, Mitchell & Bacon, Kansas City, for plaintiff-respondent.

L. R. Magee, Hines & Magee, Kansas City, for defendant-appellant.

STOCKARD, Commissioner.

Plaintiff's action was for a declaratory judgment that a deed dated in 1923 conveyed only an easement to the grantees. Judgment was for plaintiff and defendants have appealed.

The facts were stipulated. In 1923 the predecessors of defendants acquired a strip of land 19 feet in width across various lots of land including adjoining lots 394 and 402, now owned by plaintiff. The deed provided the acquisition was "for railroad purposes and right-of-way," and also that "The property herein conveyed is to be used for railroad (steam, electric or otherwise) purposes, and the parties of the second part [grantees] agree to immediately construct a switch track extending the entire length of the said land herein conveyed." The switch track so constructed terminated about 330 feet south of plaintiff's two lots, and "defendants have conveyed all of the 19 feet strip south of the plaintiff's property to the end of the switch track." To the north of lots 394 and 402 the switch track joins the main track of defendants. The defendants "have conveyed parts of said 19 foot strip north of plaintiff's property, and the track over the two lots immediately to the north of lots 394 and 402 have been covered with concrete. Effective September 1, 1968 the defendants "did * * * embargo operations on all of its tracks including the switch track in question."

Defendants assert that the deed conveyed to their predecessors a fee simple title. They cite and rely on Powell v. St. Louis County, 446 S.W.2d 819 (Mo.1969). In that case the deed of conveyance contained no specific limitation on the quantum of title conveyed. The court held that under those circumstances the deed conveyed a fee simple title although the conveyance was for railroad purposes. We agree with the rationale and result of that case. However, in Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649 (1941), the deed conveyed to a railroad company "the right

of way for said Railroad one hundred feet in width * * * over and through" property there described. It was there held that "The law is settled in this state that where a railroad acquires a *right of way* whether by condemnation, by voluntary grant or by a conveyance [purportedly] in fee upon a valuable consideration the railroad takes but a mere easement over the land and not the fee." See also Schuermann Enterprises, Inc. v. St. Louis County, 436 S.W.2d 666 (Mo.1969). In the Brown case, it was also said: "the term ' "right of way" has two meanings in railroad parlance—the strip of land upon which the track is laid—and the legal right to use such strip,' " but where the interest conveyed is "limited to right of way or *for right of way* the estate conveyed is an easement only." (Italics added). Schuermann Enterprises, Inc. v. St. Louis County, 436 S.W.2d 666 (Mo.1969). The deed of conveyance of the 19-foot strip of land was "for railroad purposes and right of way." We consider this case to be governed by the rule set forth in Brown v. Weare, supra, and that the predecessors of defendants received an easement for right of way only.

Defendants argue that the deed was conditioned upon the grantee constructing a switch track, and that when this was done the "transfer of the fee became complete." This provision may have constituted a condition, an issue we need not decide, but if it was, then when it was met the transfer of the right of way, not the fee, became complete.

■ The remaining issue is whether defendants have abandoned the use of the right of way for railroad purposes. Such easement for right of way "is extinguished when the railroad ceases to run trains over the land, * * * and, upon that occurrence, the use of the land is again in the original owner or his grantees, free of the burden of the easement." Schuermann Enterprises, Inc. v. St. Louis County, supra. The trial court found from the facts, as previously outlined, that defendants had ceased to use the right of way for railroad purposes, and we agree with its findings. We consider it most important as bearing on this issue that defendants stipulated that they had offered to sell the 19-foot strip of land across lots 394 and 402 to the plaintiff. This offer was made on the basis that they owned the fee, and we have concluded they do not. An offer to sell is totally inconsistent with any position other than that the use of the strip for railroad purposes has been abandoned.

■ Defendants argue that they are subject to the regulation of the Interstate Commerce Commission and the Missouri Public Service Commission, and that they cannot abandon the railroad facility without the consent of these agencies. This argument is inconsistent with the admission in the stipulation that they "conveyed" the entire strip south of plaintiff's lots. In addition, 49 U.S.Code, Sec. 1, par. 22 provides that "The authority of the Commission conferred by paragraphs (18) to (21) of this section, both inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching, or side tracks, located or to be located wholly within one State * * *." Defendants make no reference in their brief to any statutory provision pertaining to the Missouri Public Service Commission which prohibits the abandonment of the type of facility here involved. We are concerned in this case only with whether there has been an actual abandonment for railroad purposes in a legal sense of that portion of the spur track which crossed lots 394 and 402. We do not purport to rule any matter between defendants and the Missouri Public Service Commission.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the judges concur.