**Jack D. & Theresa R. BAYLESS, et al., Appellants,**

**v.**

**William D. & Shirley A. GONZ, et al., Respondents.**

No. 48679.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 4, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied Feb. 26, 1985.

Ronald E. Pedigo, Farmington, for appellants.

Charles W. Medley, Farmington, for respondents.

CRIST, Judge.

This is a quiet title action. The case was submitted on a stipulation of facts. The circuit court found in favor of respondents

William D. and Shirley A. Gonz. We affirm.

William and Sara McDowell owned land from which a one hundred foot strip was acquired by condemnation for right-of-way by the St. Louis-Iron Mountain Railroad in an action filed in August of 1868 in St. Francois County. Damages in the sum of fifty dollars were awarded. Before the condemnation proceedings were confirmed, McDowells conveyed by deed to the railroad an additional twenty-five foot strip of land on each side of the original one hundred foot strip. That deed, dated August 14, 1869, states that the McDowells "grant, bargain and sell, convey and confirm" to the railroad the two twenty-five foot tracts "for and in consideration of the location of a depot and five dollars."

Sometime later, the Iron Mountain-St. Louis Railway conveyed all of its interest and assets to the Missouri Pacific Railway. In May of 1983, the Missouri Pacific Railway by Quit Claim Deed, conveyed whatever right, title, or interest it had in the one hundred fifty foot strip of land to respondents William and Shirley Gonz. Appellants Bayless contend they are abutting and contiguous landowners and successors in title to the McDowells in whom the original fee remains, as the railroad has ceased to use the land for railway purposes. At issue is whether the two twenty-five foot strips of land bordering the right-of-way were granted as an easement or conveyed to the railroad in fee simple. If the land was conveyed in fee, respondent Gonz acquired title. If the grant to the railroad was of an easement, the title remains with appellant adjacent owners.

■ A railroad may hold, purchase, or convey the fee in land when acquired by general warranty deed without restriction on the quantum of title conveyed and for valuable consideration. *Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co.*, 328 Mo. 1118, 43 S.W.2d 817, 822 (banc 1931). *Quinn v. St. Louis-San Francisco Railway Co.*, 439 S.W.2d 533, 535 (Mo. banc 1969).

■ However, where the acquisition is for right-of-way only, whether by condemnation, voluntary grant or conveyance in fee upon a valuable consideration, the railroad takes only an easement over the land and not the fee. *Brown v. Weare*, 348 Mo. 135, 152 S.W.2d 649, 652 (1941); *Schuermann Enterprises, Inc. v. St. Louis County*, 436 S.W.2d 666, 668 (Mo.1969); *G.M. Morris Boat Company, Inc. v. Bishop*, 631 S.W.2d 84, 88 (Mo.App.1982).

■ We believe the acquisition of the twenty-five foot tracts bordering the condemned right-of-way in this case was by warranty deed for valuable consideration and that the conveyance passed the fee. The acquisition was not by condemnation or voluntary grant.

The deed from McDowells to the railroad grants, bargains and sells two twenty-five foot tracts to the railroad. The deed states, "to have and to hold the same together with all singular rights, immunities, privileges and appurtenances to the same." This is the language of the fee simple warranty deed. Section 442.420, RSMo. 1978. *Allaben v. Shelbourne*, 357 Mo. 1205, 212 S.W.2d 719, 720 (1948).

The deed also states the grant was made for valuable consideration, namely: five dollars and the location of a depot. Either of these constitutes valuable consideration. *Bagby v. Missouri-Kansas-Texas R. Co.*, 351 Mo. 79, 171 S.W.2d 673, 676 (banc 1943); *Miller v. Atchison, Topeka and Santa Fe Railroad Co.*, 325 F.Supp. 604, 606–607 (E.D.Mo.1971); See also, *Brown v. Weare, supra* 152 S.W.2d at 653.

The McDowell deed was for valuable consideration. It did not limit the use of the property conveyed. It contained no reversionary clause. And it did not mention the term "right-of-way." Therefore, the McDowell deed was (a) a general warranty deed, (b) without any restriction on the quantum of title conveyed, (c) issued for a valuable consideration, and (d) not for a right-of-way. We find conveyance to the railroad was in fee.

Judgment affirmed.

REINHARD, C.J., and DOWD and KAROHL, JJ., concur.