Michael STROTHER and
Dana Strother, et. al.,
Respondents,

v.

BOOTHEEL RAIL PROPERTIES,
INC., Appellant,

and

The Burlington Northern Railroad
Company, Defendant.

No. 24227.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 19, 2001.

Motion for Rehearing or Transfer Denied
Dec. 11, 2001.

Wendell L. Hoskins, II, Caruthersville, for appellants.

Morry S. Cole, Gray, Ritter & Graham, P.C., St. Louis, for respondents.

ROBERT S. BARNEY, Chief Judge.

Appellant, Bootheel Rail Properties ("Defendant"), appeals the summary judgment of the Circuit Court of Pemiscot County in favor of Respondents, Michael Strother and Dana Strother, et al. ("Plaintiffs"), quieting title to and granting Plaintiffs possession of certain real estate adjoining their respective tracts of real property formerly used by Defendant and its predecessors in interest as a railway ("railroad property"), until abandoned for railway purposes on January 23, 1998.[1] The railroad property consists of a 100 foot strip of land running approximately seventeen to eighteen miles through Pemiscot and Dunklin counties.

In its sole point on appeal, Defendant contends the trial court erred in awarding summary judgment in favor of Plaintiffs because Defendant, its immediate prede-

---

1. Also included as Plaintiffs with Michael and Dana Strother are: Noah and Geraldine Barkovitz, John and Ruth Suddarth, Roy and Mary Dillard, Lee Watkins, Tony Watkins, Norris Watkins, Dolores Watkins Shires, Thadious and Beverly Shelly, Stephen and Wanda Cole, Louis Cole Stetson, Stephen Wesley Cole, Thomas Lee and Judy Cole, and Douglas and Donna J. Bowling. Stephen Bradford, Sr., Stephen Bradford, Jr., Gary Lewis, Melissa Dawn Brandt, and Harry and Janice Lewis, Trustees of the Harry H. Lewis and Janice Kay Lewis Revocable Trust were included as plaintiffs in the original action. Defendant does not challenge the trial court's ruling as it pertains to the Lewis property and the Bradford property. All of the above individuals and entities own real property adjacent to/abutting the railroad property.

cessor in title, The Burlington Northern Railroad Company ("Burlington"), and Burlington's predecessors in title, St. Louis San Francisco Rail Company and St. Louis, Kennett & Southern Railroad Company, acquired title to the railroad property in fee simple through adverse possession.

" 'The propriety of summary judgment is purely an issue of law which we review *de novo* on the record submitted and the law.' " *Moore v. Missouri Friends of the Wabash Trace Nature Trail, Inc.,* 991 S.W.2d 681, 684 (Mo.App.1999) (quoting *Bonds v. Missouri Dep't of Mental Health,* 887 S.W.2d 418, 421 (Mo.App.1994)). "We review the grant of summary judgment by looking to the entire record to determine whether there is any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law." *Id.* at 685. Review of the record is in a light most favorable to the party against whom summary judgment was entered, however the trial court's judgment will be affirmed if supported by any plausible legal theory. *Id.; ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■ "A railroad may hold, purchase, or convey the fee in land when acquired by general warranty deed without restriction on the quantum of title conveyed and for valuable consideration." *Boyles v. Missouri Friends of Wabash Trace Nature Trail, Inc.,* 981 S.W.2d 644, 648 (Mo.App. 1998); *Quinn v. St. Louis–San Francisco Ry. Co.,* 439 S.W.2d 533, 535 (Mo. banc 1969); *Schuermann Enter. Inc., v. St. Louis County,* 436 S.W.2d 666, 668 (Mo. 1969); *Bayless v. Gonz,* 684 S.W.2d 512, 513 (Mo.App.1984). "Where the acquisition is for right-of-way only, however,

whether by condemnation, voluntary grant, or conveyance in fee upon valuable consideration, the railroad takes only an easement over the land and not the fee." *Boyles,* 981 S.W.2d at 648; Mo. Const. Art I, § 26 (1945, amended 1976); *Brown v. Weare,* 348 Mo. 135, 152 S.W.2d 649, 652 (Mo.1941); *Quinn,* 439 S.W.2d at 534; *Schuermann,* 436 S.W.2d at 668; *Bayless,* 684 S.W.2d at 513.

■ "When a railroad ceases to use the property for railroad purposes, therefore, the original owner or his grantees hold the property free from the burden of the easement." *Boyles,* 981 S.W.2d at 648; *see also G.M. Morris Boat Co. v. Bishop,* 631 S.W.2d 84, 88 (Mo.App.1982). "When use of an easement for railroad purposes ceases, title to the fee is presumed to be in the abutting land owners to the center of the way in the absence of contrary evidence that the right-of-way was taken from the land of only one of the abutting landowners." *Boyles,* 981 S.W.2d at 648.

Defendant does not contest the fact that it has abandoned the use of the railroad property for purposes of operating rail services. In its brief, it also admits that "a significant portion of the real estate holdings were in the possession and control of [its predecessor, Burlington], without color of title, including all of the property that is the subject of Plaintiffs' First Amended Petition," save for the Lewis Property and the Bradford Property.[2] Indeed, during discovery, Defendant could only produce two deeds affecting the railroad property in question.

■ Defendant argues that its predecessors in title, operated and maintained a railroad over the subject railroad property, complete with rail and ties throughout a 90 year history of rail service. Accordingly, since it acquired the railroad property by

**2.** See footnote one.

adverse possession and not by condemnation, voluntary grant or conveyance in fee, Defendant contends that the foregoing legal principles had no application to its claim but rather that "traditional principles of land ownership" govern the determination of title to the railroad property.[3]

Without a recorded document protecting Defendant's interests, however, we are left to conclude that the railroad acquired a right of way easement by prescription. *See Wheeling Stamping Co. v. Warwood Land Co.,* 186 W.Va. 255, 412 S.E.2d 253, 255 (1991). Although akin to acquisition of title to real estate by adverse possession, "a prescriptive easement is defined solely by its use during the prescriptive period." *Jacobs v. Roschevitz,* 20 S.W.3d 598, 600 (Mo.App.2000). "[I]t is not necessary for one to intend to violate the owner's rights. It is sufficient that one uses land without regard to any right of the owner to prohibit the use." *Umphres v. J.R. Mayer Enterprises, Inc.,* 889 S.W.2d 86, 89 (Mo.App.1994). It is established by "use which is shown to have been continuous, uninterrupted, visible, and adverse for a period of ten years." *Speer v. Carr,* 429 S.W.2d 266, 268 (Mo. 1968). "A prescriptive right, where there is no color of title, cannot be any broader than the claim which the user evidences...." *Pollnow v. State Dept. of Natural Resources,* 88 Wis.2d 350, 276 N.W.2d 738, 742 (1979) (quoting *Consumers' Gas Trust Co. v. American Plate Glass Co.,* 162 Ind. 393, 68 N.E. 1020, 1021 (1903)).

No Missouri court appears to have addressed this same issue, nor has our attention been called by either of the parties to any cases treating this same sub-

ject. However, the weight of authority appears to hold that "a railroad company acquires by prescription or adverse possession only an easement in a right of way." *Pollnow,* 276 N.W.2d at 742; *Wheeling,* 412 S.E.2d at 255; *see also Maryland & P.R. Co. v. Mercantile–Safe Deposit & Trust Co.,* 224 Md. 34, 166 A.2d 247, 249 (1960).[4] "The principle reason advanced in support of the rule is that the nature of the user by the railroad requires no more than an easement in the right of way and does not, therefore, amount to an occupancy adverse to the claim of another to the fee." *Maryland & P.R. Co.;* 166 A.2d at 249; *see also* 65 Am.Jur.2d, *Railroads,* § 44; 74 C.J.S. *Railroads* § 85.

Here, there is no question that Defendant abandoned the use of the railroad property for purposes of operating railway services. "Where a railroad acquires property by prescriptive easement, the easement is only as broad as the use itself, and the cessation of the use through which the easement was created is tantamount to extinguishment of the easement." *Wheeling,* 412 S.E.2d at 256. Under these circumstances, the title to the fee is presumed to be in the abutting land owner to the center of the way. *See Boyles,* 981 S.W.2d at 648. Point denied.

The judgment of the circuit court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

**3.** *See Black v. Simpson,* 4 S.W.3d 175, 177–78 (Mo.App.1999); *Shuffit v. Wade,* 13 S.W.3d 329, 335 (Mo.App.2000), cases involving claims for adverse possession.

**4.** *But cf. Norfolk & Western Ry. Co. v. Bremco Mills, Inc.,* 288 N.E.2d 868 (Ohio Com.Pl. 1971); *Corning v. Lehigh Valley R.R. Co.,* 14 A.D.2d 156, 217 N.Y.S.2d 874 (1961).